# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 5694 | **DATE** | 7/25/2012 |
| **CASE TITLE** | Hale vs. Astrue | | |

**DOCKET ENTRY TEXT**

Hale's Motion to Proceed *In Forma Pauperis* is granted because her financial affidavit establishes the necessary level of impoverishment setting forth her inability to pay the mandated court filing fees and because her cause of action for judicial review of a final determination of the Social Security Administration is properly before the Court.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Plaintiff Marletha J. Hale moves to proceed *in forma pauperis* without the full prepayment of filing fees. For the reasons stated below, Hale's Motion to Proceed *In Forma Pauperis* is granted.

Hale brings this cause of action against Michael J. Astrue, as Commissioner of Social Security, for the denial of disability benefits and supplemental security income. Hale's Complaint is timely filed, as she sought and obtained from the Appeals Council of the Social Security Administration an extension of time in which to file a civil action through August 15, 2012. Hale requests judicial review of the Commissioner's adverse decision denying her disability benefits and supplemental security income. Hale claims that the Administrative Law Judge's decision denying her benefits is not supported by substantial evidence and that it contains errors of law. She also contends that the Appeals Council erred in declining review of the adverse decisions. Hale asks this Court to reverse and set aside the final decision of the Commissioner of Social Security, or in the alternative to vacate the Commissioner's final decision and remand the case to the Commissioner for further proceedings consistent with the Commissioner's regulations and Circuit law. Hale also prays for an award of attorneys' fees pursuant to the Equal Justice Act in the event that she prevails.

Pursuant to 28 U.S.C. § 1915(a), the Court may authorize Hale to proceed *in forma pauperis* if she is unable to pay the mandated court fees. Hale need not be penniless to proceed *in forma pauperis* under § 1915(a)(1). *See Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). Instead, she is eligible to proceed *in*

| STATEMENT |
|---|

*forma pauperis* if payment of the filing fee will prevent her from providing for life's necessities. *See Id.* According to her financial affidavit, Hale is currently unemployed. In the last twelve months, Hale has received $698.00 in disability benefits and child support, $502.00 in public aid consisting of food stamps and a medical card, and $1,092.00 in housing assistance. Hale does not have more than $200.00 in a checking or savings account. Hale owns no stocks, bonds, securities or other financial instruments. Hale does not own any real estate. Hale owns a 2001 Cadillac with a current value of roughly $5,000.00, in which she has roughly $4,000.00 in equity and on which she makes monthly loan payments in the amount of $129.00. Hale has a daughter and a son, both of whom rely on her for full support. Based on these facts, Hale's financial affidavit sets forth a level of impoverishment marking her inability to pay the mandated court fees.

Also, looking to whether the case states a claim, as this Court must pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), the Complaint challenges a ruling regarding the denial of social security benefits and supplemental security income. An individual may challenge a review by the Appeals Council of the U.S. Social Security Administration by bringing a civil action in a federal district court with sixty days of receiving notice of the adverse determination. *See* 42 U.S.C. § 405(g) ("Any individual. . . may obtain a review of such decision by a civil action commended within sixty days after the mailing to him of notice of such decision. . ."); *accord Sims v. Apfel*, 530 U.S. 103, 106-107 (2000). Alternatively, a putative plaintiff challenging a determination by the Appeals Council of the Social Security Administration can ask the Council for an extension of time in which to file a civil action challenging the action of the Commissioner. *See* 42 U.S.C. § 405(g) (An individual may obtain judicial review within sixty days of notice by the Appeals Council of an adverse determination "or within such further time as the Commissioner of Social Security may allow."); *accord Bowen v. City of New York*, 476 U.S. 467, 480 (1986). In challenging the review, a lawsuit will be considered frivolous if the petitioner "can make no rational argument in law or fact to support [her] claims for relief." *Greathouse v. Comm'r of Soc. Sec.*, No. 00 C 7661, 2000 WL 1847613 (N.D. Ill. Dec. 14, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). In the present case the Appeals Council rendered its decision on April 18, 2012, and Hale timely commenced this action on July 19, 2012 by seeking and obtaining from the Appeals Council an extension of time in which to file a civil action by August 15, 2012. Hale contends that the finding that she is not entitled to certain benefits is not supported by substantial evidence and is based on erroneous conclusions of law. Hale has therefore adequately stated a cause of action to give rise to plausible entitlement to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

For the reasons stated above, Hale's Motion to Proceed *In Forma Pauperis* is granted because her financial affidavit establishes the necessary level of impoverishment setting forth her inability to pay the mandated court filing fees and because her cause of action for judicial review of a final determination of the Social Security Administration is properly before the Court.